By the Court.—Sedgwick, Ch. J.
—The counsel for appellant argues that the plaintiffs were not entitled to recover, inasmuch as they did not show on the trial that the goods were of a “November shipment,” stipulated for in *260 the contract. This matter was not within the issues. The answer, after stating the agreement for the sale and delivery of the 200 casks, “November shipment,” avers “that the said sauerkraut tendered by the said plaintiffs to these defendants was not of a good and merchantable quality on arrival; on the contrary, the said sauerkraut was of an inferior, bad, and unmerchantable quality.” The assertions imply that, as a fact, casks of November shipment, to the number named in the contract, had been 'tendered, and that the only objection made by the defendants was that the. article was not of a,merchantable quality. .
This condition of the pleading is also an answer to the position that the court erred in allowing a copy of a letter to be read in evidence which contained a statement that the plaintiff tendered to the defendants a certain part of the shipment. If there were error, it did not injure jhe defendants, as they admitted the tender of the whole. But there was no error. The witness who produced the copy swore that he addressed the letter to the defendants, and put it in the general post-office. The sole objection was that there was no “evidence that the defendants ever received it.” The particular objections now urged, are that the witness had not sworn that the address was correct, and that a postage stamp had been placed on the envelope. If these had been made upon the trial, the plaintiff would have had an opportunity to remedy what was probably an unintentional omission. The objection, as made, was not correct. The plaintiffs were not bound to show by direct evidence that the defendants ever received the letter; and, apart from the specific matters that were not alluded to in the objections, the posting of a letter in the mail is evidence as to the receipt of it by the party to whom it is addressed.
There were objections made to allowing certain witnesses to testify as to the quality of the sauerkraut. The ground stated was, that it was not shown that they were experts as to the quality. The only thing that tends to support the objection is, that some of the witnesses said, as to themselves, they were not experts. This was but an opinion, *261 and the facts they testified to, that part of their business was to deal in sauerkraut, to buy and sell it, to examine it to see if it were fit for sale, showed they were competent to speak of the merchantable quality of the lot in question. The point did not involve the intrinsic quality, but only the marketable quality.
It is further urged as error, that the court refused to submit to the jury the question whether or not a certain auction sale was a fair sale. The action of the court in this respect was correct, because the evidence incontrovertiblv proved that it was a fair sale, after notice of the sale to the defendants, and one of the defendants being present at the sale, making no objection to the proceeding or claim that they should be conducted in any other way than the one used. In Pollen v. Le Roy (30 N. Y. 557), it is said that the only requisite to such a sale, as the measure of the right and injury of the party, is good faith, including the proper observance of the usages of the particular trade.
The only specific objections taken to the fairness of the sale were grounded upon the following facts: The eighty-seven casks were offered for sale in the following manner : Five casks were put up, with the privilege of the buyer taking the whole lot. There were five bids ; and when the five casks were bid in by a Mr. Lockman, he exercised his option of taking the whole. The defendant, who was present, denied in his testimony that there was such an arrangement as the kraut being sold in five lots, with the option of the buyer to take the balance, or that he heard of the announcement of the sale of five casks, with an option to take the whole. On this conflict, if it were one, the preponderance of proof was with the plaintiffs. If however, the defendants were correct, the result is the same. The transaction did not appear to be against the usage of the trade. It did not appear that a sale of smaller lots was necessary to obtain full value. If the whole 87 casks were sold at once, that quantity was less than the purchase of the defendants in this case. The presence of the defendants at the sale, not objecting, is sufficient evidence of the regularity of *262 the sale. .For the plaintiff would have been bound to attend to any reasonable suggestion made by him.
Mr. Lochman, who bought in the goods, was a salesman for the plaintiffs. He, however, was in business for himself, as a retail dealer. At the auction-sale he was not required to pay the price of the goods. He kept them for some time, and then, having an account with the plaintiffs, the price was credited to him, and the plaintiffs sold them for their own account, Lochman making some of these sales. The account in which the price was credited was the account Lochman had with the plaintiffs in respect of purchases for Ms retail business. Lochman testified that he did not receive the goods from plaintiffs’ premises when the auction sale was had. He also testified that he bought for himself. There was nothing to discredit this testimony, and upon it the court was not bound to charge the jury that they could consider, in determining whether the sale was fair, that Lochman was an employee of the plaintiffs, and the other facts, that have been already given, as to his bid and dealing with the property. There was no reason to disbelieve him, and in his testimony the facts alluded to had no tendency to show that in reality the plaintiffs bought the goods through Lochman. And again, the fact of Lochman or the plaintiffs bidding above others was not hurtful to defendants. If they had not bidden, the goods would have been sold to such lower bidder as would take the goods, and there would have been an increase of the damages for which the defendants wrould be responsible.
Upon the evidence and pleading, the only question for the jury was as to the quality .of the contents of the 87 casks, and this was submitted in a correct way.
It is not intended to hold that the defendants, were not liable when, after a tender of the whole, they accepted part as'a, good delivery under the contract, if such was the fact.
When it is perceived that the defendants made a contest as to their liability as to any part of the goods, in their answer, there is no reason for disturbing the action of the court as to the allowance.
*263 Judgment affirmed with costs, and order appealed from affirmed with $10 costs.
Truax, J., concurred; Ingraham, J., concurred in the result.